# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BOBBY FRANCIS LOWRY V,

    Plaintiff,

vs.                                              No. CV 19-00216 MV/GJF

NEW MEXICO DEPARTMENT OF CORRECTIONS,
KRISTINA CORDELL, ROBERTA COHEN,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING APPLICATION FOR PRELIMINARY INJUNCTION

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the Civil Complaint filed by Plaintiff Bobby Francis Lowry V (Doc. 1). Also pending before the Court is the Application for Preliminary Injunction filed by Plaintiff Bobby Francis Lowry V (Doc. 3). The Court will order issuance of notice and waiver of service forms directed to Defendants. To the extent that Plaintiff seeks preliminary injunctive relief prior to a response by Defendants, the Court will deny the Application. The Court will order that, in addition to filing an answer to the Complaint, Defendants file a response to Lowry's Application and the Court will grant Lowry the opportunity to reply to Defendants' response.

Plaintiff, Bobby Francis Lowry V, was sentenced to a term of imprisonment in the Montana State Prison following entry of an *Alford* plea to the offenses of promotion of prostitution and assault on a family member. (Doc. 1 at 26-42). Plaintiff applied for a transfer to New Mexico under the Interstate Corrections Compact following completion of Montana court-required programs. The New Mexico Department of Corrections rejected Plaintiff's proposed residence

because Plaintiff would be considered a sexual offender under New Mexico law and Plaintiff's proposed residence was in close proximity to a bus stop and a park. In addition, although the New Mexico Department of Corrections would not require him to register as a sex offender, it would impose behavioral modification conditions and GPS monitoring. (Doc. 1 at 43-51).

Plaintiff claims that New Mexico's rejection of his proposed residence and requirement that he comply with sex offender conditions violate his due process rights. (Doc. 1 at 2-4; Doc. 3 at 2-4). Plaintiff filed a Petition for Writ of Habeas Corpus in the New Mexico Supreme Court, seeking to compel New Mexico to grant his application for transfer. That Petition was denied by the New Mexico Supreme Court on February 14, 2019. *See* Doc. 1 at 18-25; *Bobby Francis Lowry v. State of New Mexico,* No. S-1-SC-37470.[1] Plaintiff also has a Petition for Writ of Mandamus pending before the New Mexico Supreme Court. In his state court mandamus proceeding, he again seeks to compel the State of New Mexico to grant his application for transfer. *Bobby Francis Lowry V, v. State of New Mexico,* No. S-1SC-37889. In this case, he brings civil rights claims against the New Mexico Department of Corrections and individual officials under 42 U.S.C. § 1983 arising out of New Mexico's rejection of his transfer application. (Doc. 1).

The Court concludes that Plaintiff's claims survive initial screening under 28 U.S.C. § 1915A. The Court will order service of the Complaint on the Defendants. Because Plaintiff is

---

[1] The Court has reviewed the official record in Plaintiff's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access ("SOPA") and takes judicial notice of the official records. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (Court may take judicial notice of publicly filed records in this and other courts concerning matters that bear upon the disposition of the case); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records on the world wide web); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (state court's docket sheet is an official court record subject to judicial notice under Fed.R. Evid. 201).

proceeding *in forma pauperis,* it is the Court's responsibility to issue and serve all process. See 28 U.S.C. § 1915(d). The Court will direct the Clerk to issue notice and waiver of service forms.

Plaintiff has also filed an Application for Preliminary Injunction. (Doc. 3). In his Application, Plaintiff asks this Court to strike the New Mexico Department of Correction's rejection of his proposed residence and the behavioral modification condition. He does not challenge, and states that he is willing to accept, the GPS monitoring condition. (Doc. 3 at 2, 4).

In order to receive a preliminary injunction, the Plaintiff must establish four factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless injunctive relief is issued; (3) that any claimed injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, is not adverse to the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002), *abrogated on other grounds by Audubon Soc. of Greater Denver v. U.S. Army Corp of Engineers*, 908 F.3d 593, 604 (10th Cir. 2018). A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). Therefore, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). Because a preliminary injunction is an extraordinary remedy, the moving party's right to relief must be clear and unequivocal. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016).

Further, to the extent that Plaintiff seeks injunctive relief against the New Mexico Department of Corrections without notice and prior to any Court order requiring the Defendants to answer, Plaintiff's Application is, in effect, a request for a temporary restraining order ("TRO"). See Fed. R. Civ. P. 65(b)(1). Although Plaintiff has made a plausible showing of entitlement to

injunctive relief, his right to relief is not clear and unequivocal. *Dine Citizens Against Ruining Our Env't*, 839 F.3d at 1281. The Court will deny, in part, the Application for Preliminary Injunction to the extent the Application seeks relief prior to any response by Defendants. The Court will also Order Defendants to submit a response to Lowry's request for injunctive relief within 30 days after service of process. Plaintiff will have 75 days after receipt of Defendants' response in which to submit a reply.

**IT IS ORDERED:**

(1) the Clerk is directed to issue notice and waiver of service forms, with copies of the Verified Civil Rights Complaint (Doc. 1) and Application for Preliminary Injunction (Doc. 3), for Defendants New Mexico Corrections Department, Kristina Cordell, and Roberta Cohen;

(2) the Application for Preliminary Injunction (Doc. 3) filed by Plaintiff Bobby Francis Lowry V is **DENIED**, in part, to the extent that it seeks relief prior to any response by Defendants;

(3) Defendants shall file a response to the Application for Preliminary Injunction (Doc. 3) within 30 days after service of process on them; and

(4) Plaintiff shall file any reply to Defendants' response to Lowry's Application for Preliminary Injunction within 75 days after his receipt of Defendants' response.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE